IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen J. Green, #259765, ) | |
| ) | C/A No. 0:08-2622-HFF-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden of Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 32). The petitioner, Stephen J. Green ("Green"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent filed a motion for summary judgment. (Docket Entry 32.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 33.) Following two extensions, Green filed a response in opposition to the respondent's motion. (Docket Entry 46.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

Green filed the instant *pro se* federal petition for a writ of habeas corpus on July 14, 2008. (Docket Entry 1.) In his Petition, Green appears to challenge two separate criminal conviction proceedings that occurred in July and November of 1999, respectively, in Berkeley County, South Carolina. The background and allegations of each judgment are addressed separately below.

A.  **July 12-14, 1999 Trial, Conviction, and PCR Proceedings: State v. Green, Docket No. 99-GS-08-391 ("July 1999 Proceedings")**

Green was indicted in December 1998 in Berkeley County for burglary in the first degree (98-GS-08-1861), kidnapping (98-GS-08-1857), armed robbery (98-GS-08-1855), and assault and battery of a high and aggravated nature (98-GS-08-1854). (R. on Appeal at 500-06, Docket Entry 31-20 at 3-9.) Green was later indicted in March 1999 for criminal sexual conduct in the first degree (99-GS-08-391). (R. on Appeal at 508-09, Docket Entry 31-20 at 10-11.) Green was represented by J. Mitchell Lanier, Esquire, Berkeley County Public Defender, and on July 12-14, 1999, was tried by a jury and found guilty as charged. (R. on Appeal at 216-217, Docket Entry 31-16 at 100-01.) The circuit court sentenced Green to life imprisonment for burglary in the first degree, thirty years' imprisonment for kidnapping, thirty years' imprisonment for criminal sexual conduct in the first degree, thirty years' imprisonment for armed robbery, and ten years' imprisonment for assault and battery of a high and aggravated nature. (R. on Appeal at 228-229, Docket Entry 31-17 at 11-12.)

Green timely filed a direct appeal. On appeal, Green was represented by Daniel T. Stacey, Esquire, Chief Attorney of the South Carolina Office of Appellate Defense. On July 25, 2000, counsel for Green filed an Anders[1] brief and a petition to be relieved as counsel. (Docket Entry 31-10.) Green filed a *pro se* brief on September 7, 2000. (Docket Entry 31-11.) In a *per curiam* opinion, the South Carolina Court of Appeals dismissed Green's appeal. (State v. Green, 2000-UP-740 (S.C. Ct. App. Dec. 5, 2000), Docket Entry 31-12.) Green filed a petition for rehearing which was subsequently denied by order dated January 25, 2001. (Docket Entry 31-13.) The remittitur was

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

issued on February 28, 2001. (Docket Entry 31-14.) Green did not appeal to the South Carolina Supreme Court.

On December 3, 2001, Green filed an application for post-conviction relief ("PCR"). (See Green v. State of South Carolina, 01-CP-08-2537, Docket Entry 31-21.) The State filed a return on May 8, 2002. (Docket Entry 31-22.) On June 3, 2002, the PCR court held an evidentiary hearing at which Green appeared and testified and was represented by Edward Brown, Esquire. (Docket Entry 50-3.) At the conclusion of the hearing, the PCR judge orally denied relief and filed a Form 4 Order pursuant to S.C. Code § 17-27-80. (Id. at 35-38.) A formal order dismissing Green's PCR application was filed July 10, 2002. (Docket Entry 31-23.) Green did not appeal to the appellate courts pursuant to Rule 203(b)(1), SCACR.

**B.     November 15-16, 1999 Trial, Conviction, and PCR Proceedings: State v. Green, Docket Nos. 99-GS-08-1859, 1860 ("November 1999 Proceedings")**

Green was indicted in December 1998 in Berkeley County for burglary in the first degree (98-GS-08-1859), and assault and battery with intent to kill (98-GS-08-1860). (App. at 6, Docket Entry 31-7 at 13.) Green was represented by J. Mitchell Lanier, Esquire, Berkeley County Public Defender, and on November 15-16, 1999, was tried by a jury and found guilty of burglary in the first degree and the lesser offense of assault and battery of a high and aggravated nature. (App. at 189-90, Docket Entry 31-8 at 61-62.) The circuit court sentenced Green to life imprisonment for burglary in the first degree and ten years' imprisonment for assault and battery of a high and aggravated nature, both sentences to be served consecutively. (App. at 192-93, Docket Entry 31-8 at 64-65.) Green did not file a direct appeal.

On November 14, 2000, Green filed a *pro se* application for post-conviction relief. (See Green v. State of South Carolina, 01-CP-08-2537, App. at 195-200, Docket Entry 31-8 at 67-72.) The State filed a return on April 13, 2001. (App. at 201-03, Docket Entry 31-8 at 73-75.) On

August 16, 2002, the PCR court held an evidentiary hearing at which Green was represented by Edward Brown, Esquire. (App. at 204-20, Docket Entry 31-8 at 76-92.) In an order dated October 10, 2002, the PCR judge denied Green's PCR application, but granted Green the right to a belated appeal pursuant to White v. State.[2]

Green timely filed an appeal of the PCR judge's October 10, 2002 order. On appeal, Green was represented by Aileen Clare, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On April 24, 2003, counsel for Green filed a Petition for Writ of Certiorari in which she presented the following question:

Did the trial court correctly grant petitioner a belated direct appeal?

(Docket Entry 31-2 at 3.) In addition, counsel for Green filed an Anders[3] brief pursuant to White v. State and a petition to be relieved as counsel. (Docket Entry 31-3.) The State filed a return on June 9, 2003. (Docket Entry 31-4.) The South Carolina Supreme Court, in its order filed November 10, 2003, found that Green "did not knowingly and intelligently waive his right to a direct appeal" and granted Green's petition for certiorari. (Docket Entry 31-5.) In that same order, the South Carolina Supreme Court then proceeded with a review of Green's direct appeal issue and, after Anders review, dismissed the appeal under Rule 220(b)(1), SCACR. (Id.) A remittitur was issued on November 26, 2003. (Docket Entry 31-6.)

---

[2] White v. State, 208 S.E.2d 35 (S.C. 1974) (holding that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues).

[3] Supra n.1.

C.  PCR Action 2004-CP-08-2262 ("2004 PCR action")

Green filed an additional state PCR application on October 20, 2004.[4] (See Green v. State of South Carolina, 04-CP-08-2262, App. at 1-13, Docket Entry 31-27 at 3-15.) This application, which was filed *pro se*, raised issues from both the July 1999 Proceedings and the November 1999 Proceedings. The State filed a return on February 22, 2004 (App. at 21-29, Docket Entry 31-27 at 23-31) and a supplemental return on October 3, 2005 (App. at 30-38, Docket Entry 31-27 at 32-40). On October 25, 2005, the PCR court held a hearing at which Green appeared and was represented by Andrew S. Halio, Esquire. (App. at 39-89, Docket Entry 31-27 at 41-91.) The PCR judge orally denied Green's claims as successive, as barred by the statute of limitations, or as barred under the doctrine of *res judicata*. (App. at 74-80, Docket Entry 31-27 at 76-82.) Additionally, the PCR judge, as an alternate ruling, evaluated the merits of the PCR application, and found that the indictments returned against Green were sufficient. (App. at 84-88, Docket Entry 31-27 at 86-90.) A formal order dismissing Green's PCR application was filed November 29, 2005. (App. at 90-100, Docket Entry 31-27 at 92-102.)

Green timely filed an appeal. On appeal, Green was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On April 11, 2006, Attorney Pachak filed a Johnson[5] Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which he raised the following issue:

---

[4]It appears that Green also filed an amendment to his original application, which is included in the Respondent's appendix. (See Docket Entry 31-27 at 17-22.) The amendment is not dated or filed-stamped, nor is it referenced in the procedural history in the Respondent's Memorandum of Law in Support of Motion for Summary Judgment, the October 25, 2005 PCR hearing, or the order ruling on Green's PCR application. Having reviewed the amendment, the court finds that the amendment presents no new issues from those included in the original application.

[5]Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).

> Whether there was any evidence to support the PCR judge's findings that petitioner's current application was successive and that it was barred by the statute of limitations?

(Docket Entry 31-24 at 3.) On August 3, 2007, the South Carolina Court of Appeals, after Johnson review, denied the petition for a writ of certiorari. (Docket Entry 31-25.) The remittitur was issued on August 21, 2007. (Docket Entry 31-26.)

Green filed his petition for a writ of habeas corpus in this court on July 14, 2008. (Docket Entry 1.)

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

C.  **Statute of Limitations**

The respondents argue that Green's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A) with regard to both the July 1999 Proceedings and the November 1999 Proceedings.

1.  **The July 1999 Proceedings**

The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Green filed a direct appeal, his conviction from the July 1999 Proceedings became final on February 28, 2001, the date the South Carolina Court of Appeals entered the remittitur.[6] See Rules 203(b)(2), 221, & 226, SCACR. Accordingly, the limitations period began to run on March 1, 2001 and expired on February 28, 2002, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

---

[6]Because Green did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (holding that direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

Green filed a state PCR application on December 3, 2001. At that point, 278 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action. The PCR court issued its formal order denying Green's petition on July 10, 2002, and, as no appeal was filed from this order, this decision became final on August 9, 2002—thirty days after the entry of the order pursuant to Rule 203(b)(1), SCACR. At this time, Green had 87 days of statutory time remaining, which means that Green had until November 4, 2002 to file a timely federal habeas corpus petition. Green's federal Petition was filed on July 14, 2008. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

2. **The November 1999 Proceedings**

As stated above, the one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Green did not file a direct appeal from the November 1999 Proceedings; however, in his PCR proceedings he was granted a belated appeal of this case pursuant to White v. State. The South Carolina Supreme Court dismissed the appeal after conducting Anders review of Green's direct appeal issues by order filed November 10, 2003. Accordingly, his conviction became final pursuant to § 2244(d)(1)(A) ninety days after the date the

South Carolina Supreme Court dismissed the appeal.[7] Thus, his conviction became final on February 9, 2004.[8] Accordingly, the limitations period began to run on February 10, 2004 and expired on February 9, 2005, unless the period was at any time tolled. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year). While Green filed another PCR application, as discussed below, this did not toll Green's limitation period; therefore, his limitation period expired on February 9, 2005. Green's federal Petition was filed on July 14, 2008. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

---

[7]Because Green sought certiorari from the South Carolina Supreme Court, he is entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (holding that direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). Further, the time to seek certiorari runs from the date of the decision rather than the date of the remittitur. See U.S. Sup. Ct. R. 13.3.

[8]February 8, 2004 was a Sunday; therefore, Green had until the following Monday, February 9, 2004, to file his notice of appeal. See Rule 234(a) SCACR (stating that if the last day of the time period falls on Saturday, Sunday, or a state or federal holiday, the time period runs until the end of the next day which is not a Saturday, Sunday, or a state or federal holiday).

### 3. 2004 PCR Action

Although Green filed an additional state PCR application on October 18, 2004 which addressed issues from both the July 1999 Proceedings and the November 1999 Proceedings, this application did not toll the statute of limitations for either proceeding because the PCR court dismissed it as successive and time barred. Pace v. Diguglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

Accordingly, Green filed his federal habeas application over five and a half years after the expiration of the one-year limitations period under § 2244(d)(1)(A) with regard to the July 1999 Proceedings and over three years after the expiration of the one-year limitations period under § 2244(d)(1)(A) with regard to the November 1999 Proceedings. Thus, Green's federal habeas petition is untimely.

### C. Other Issues

In his Petition, Green essentially contends that he is entitled to a writ of habeas corpus because (1) the state PCR court erred in determining that his 2004 PCR action was procedurally barred as untimely and successive; (2) the indictments underlying his July 1999 Proceedings were insufficient; (3) the state court lacked subject matter jurisdiction; and (4) one of his indictments underlying his July 1999 Proceedings was not secured in accordance with Rule 3(c) of the South Carolina Rules of Criminal Procedure. (Pet., Docket Entry 1.) Green further appears to interject an issue of ineffective assistance of PCR counsel with regard to his first PCR action.

Even if Green's Petition were timely filed, the court has reviewed the submissions of the parties and finds that Green has not presented any ground warranting federal habeas relief. This conclusion is based on the following authorities: Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It

is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); Pulley v. Harris, 465 U.S. 37, 41 (1989) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976) (holding that a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary") (cited with authority in Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998)); Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (noting that there is "no right to effective assistance of counsel in . . . state habeas proceedings").

## RECOMMENDATION

Based upon the foregoing, the court finds that Green's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 32) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 5, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).